1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

### EASTERN DISTRICT OF CALIFORNIA

12

| | | |
|---|---|---|
| ANTONIO CANDRAY, | ) | 1:08-CV-01977 AWI SMS HC |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| JAMES D. HARTLEY, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 4, 2008, Petitioner filed a federal petition for writ of habeas corpus in this Court.  This petition was assigned case number "1:08-CV-01860 SMS HC." The petition raised claims involving the parole board's failure to provide him with timely parole hearings. On January 8, 2009, the undersigned issued an order dismissing the petition for failure to state a claim.

On December 30, 2008, the Court processed a second petition from Petitioner which had been transferred from the Northern District of California. The petition has been assigned the above-referenced case number, to wit, "1:08-CV-01977 AWI SMS HC." This petition also challenges the parole board's failure to timely hold parole hearings.

1    A federal court must dismiss a second or successive petition that raises the same grounds as a

2    prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition

3    raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,

4    constitutional right or 2) the factual basis of the claim was not previously discoverable through due

5    diligence, and these new facts establish by clear and convincing evidence that but for the

6    constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying

7    offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a

8    second or successive petition meets these requirements, which allow a petitioner to file a second or

9    successive petition.

10    Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this

11    section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

12    order authorizing the district court to consider the application." In other words, Petitioner must

13    obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.

14    See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or

15    successive petition unless the Court of Appeals has given Petitioner leave to file the petition because

16    a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United

17    States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997),

18    cert. denied, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

19    Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file

20    his successive petition.  That being so, this Court has no jurisdiction to consider Petitioner's renewed

21    application for relief from that conviction under Section 2254 and must dismiss the petition.  See

22    Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.

23                                         **RECOMMENDATION**

24    Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be

25    DISMISSED as successive.

26    This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

27    States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304

28    of the Local Rules of Practice for the United States District Court, Eastern District of California.

1  Within ten (10) <u>court</u> days (plus three days if served by mail) after being served with a copy, any

2  party may file written objections with the court and serve a copy on all parties.  Such a document

3  should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to

4  the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail)

5  after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

6  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified

7  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

8  Cir. 1991).

9  IT IS SO ORDERED.

10  **Dated:    February 13, 2009            /s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28